

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE ELLIOTT | : | CIVIL ACTION |
| v. | : | |
| POINT BREEZE STATION MAIL DEPARTMENT | : | NO. 17-257 |

**MEMORANDUM**

BAYLSON, J.                                          JANUARY 23, 2017

    Plaintiff Jamie Elliott brings this civil action against the "Point Breeze Station Mail Department." He also filed a motion to proceed *in forma pauperis*, which the Court will grant. For the following reasons, the Court will dismiss plaintiff's complaint.

    Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

1

xC: Legal

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

The complaint is based on events that occurred in 2011, and provides the following factual basis for plaintiff's claims: "mail errors, has complaints from state representative office the hold block names are on the complaint." (Compl. ¶ III.C.) It does not appear from that cryptic statement that plaintiff has a timely, plausible basis for a nonfrivolous claim against the defendant. Having reviewed plaintiff's complaint in this action and his filings in other actions filed in this district, the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.